McKinney, J.,
delivered the opinion of the Court.'
This was an action of detinue for the recovery of a horse. The facts of the case are very briefly stated in an agreed case; from which it appears that one Goode stole a horse in the State of Georgia, which he brought to Bledsoe county, in this State, and exchanged with Goff for another horse; and in a short time after this exchange, Goode traded the horse received from Goff to Gott.
The owner of the stolen horse came in pursuit of the thief, and received back his horse from Goff; and, thereupon, the latter claimed the right to get back the horse, which had formerly belonged to him, from Gott, and he yielded to the demand. Shortly afterwards, Gott brought this action, to regain possession of his horse thus surrendered to Goff. It was agreed that the horse sued for was worth sixty-five dollars. On this statement of facts, it was referred to the Court to decide whether or not the plaintiff, Gott, was entitled *564 to recover the stipulated value of the'horse. The Court declared the law to he in favor of the plaintiff, and gave judgment accordingly. And to reverse this judgment, the case has been brought to this Court by an appeal in error.
The first error, assigned is, that inasmuch as the horse was voluntarily delivered by the plaintiff to the defendant, no action could be maintained without a previous demand. To this objection, it is enough to say, that the agreed case raises no such question. The simple question propounded is, the legal effect of the surrender of the horse, by the plaintiff to the defendant, under the circumstances stated; and the parties cannot go out of the agreed case to raise other questions.
It is very clear, that by the exchange of horses between the thief and Goff, the latter parted with the title to the horse given by him in exchange, although he acquired no title to the stolen horse received by him in the exchange. And it is equally clear, that Gott, who was a bona fide purchaser, wholly ignorant of the facts, acquired a valid title to the horse in dispute, purchased by him from Goode. The law upon this subject, and the' reason of it, were fully considered in the case of Arendale vs. Morgan, at the last term at Nashville, to which we refer.
The only question, then, is, whether Gott, whose title was perfect and beyond all dispute, having, in ignorance of his rights, delivered the possession back to Goff, can maintain an action at law^ to recover the horse. That he might do so in equity, will not be questioned.
The argument, that the plaintiff ought not to recover on the ground that the voluntary delivery amounted to *565 a gift of the horse to the defendant, is of no force. The yerj idea of an intention to make a gratuitous donation of the horse, is absurd.
The only ground of defense, that has the semblance of plausibility is, that the plaintiff gave up the horse in ignorance of the law, and therefore is precluded from recovering back the possession.
The principle, that agreements made and acts done under a mere mistake of law, are binding on the party, is not to be questioned. Property parted with, under such mistake or ignorance of the law, cannot be reclaimed on that ground alone. And this doctrine is alike applicable in equity, as at law. But does it apply to the case before us? Was the surrender of the horse to be viewed as the result of a pure mistake of law ? What are the facts ? The plaintiff had a clear and indisputable title to the property, and the defendant had not the color of title; yet, under a mutual misapprehension, and directly contrary to the clearly defined rights of the parties, a surrender of the property was made by the plaintiff, under the belief, at the time, that he had acquired no title; nor had the defendant been divested of the title to the horse, upon the state of facts presented in the record.
This mutual misconception of their fixed rights, under which the parties acted, should not, we think, be regarded as the unmixed result of mistake of law; but rather as the mixed result of both fact and law. In the language of Mr. Story, (Eq. Jurisprudence, 1 vol., sec. 122,) “where the party acts upon the misapprehension, that he has no title at all in the property, it seems to involve, in some measure, a mistake of fact, that is, of the *566 fact of ownership, arising from a mistake of law.” And both parties' having acted under a mutual misapprehension of their actual rights, they cannot properly he regarded as haying intended what they did. Ibid., sec. 12B. Such is the doctrine of equity in such a case, and we perceive no reason why it should not be held equally applicable in law.
There is no valid ground, as it seems to us, upon which the plaintiff’s right to recover the horse can be resisted. He cannot be repelled, as we have seen, upon the idea of a gift; no such thing was intended. Nor, upon the notion of a contract; for, in the language of Mr. Blackstone, a consideration of some sort is so absolutely necessary to the formation of a contract, that an agreement without any consideration, is totally void in law,. Neither can a recovery be resisted on the ground of ignorance or mistake of law, as the ease presented is not one of pure, unmixed mistake of law.
The result is, that the judgment must be affirmed.